UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

STERLING J. BLADE                                CIVIL ACTION NO. 18-0697

                                                 SECTION P

VS.

                                                 JUDGE TERRY A. DOUGHTY

CHRIS STINSON, ET AL.                            MAG. JUDGE KAREN L. HAYES

## REPORT AND RECOMMENDATION

Plaintiff Sterling J. Blade, an inmate at Madison Parish Correctional Center proceeding

pro se and in forma pauperis, filed the instant Complaint on May 3, 2018, under 42 U.S.C. §

1983.  He names the following Defendants: Chris Stinson, Sgt. Geyse, Major Brooks, Cpt.

Boone, Lt. Smith, Anderson, Kitchen Security, and Kitchen Supervisor Tyler.[1]

### Background

Plaintiff alleged, in his original Complaint, that he is a Muslim and that, on October 20,

2017, at Madison Parish Correctional Center, he was fed pork sausage.  [doc. # 4, p. 3].  He

sought $250,000.00 in compensatory damages and $114,000.00 in punitive damages.  *Id.*

Plaintiff filed an ostensible Amended Complaint on August 13, 2018, raising new claims

of retaliation and seeking a transfer to another facility.[2]  [doc. # 13].  Specifically, he alleges that,

because he filed this proceeding, unidentified individuals are retaliating against him by: (1)

engaging in religious discrimination; (2) depriving him of adequate medical attention; and (3)

sexually harassing him.  *Id.*

---

[1] This matter has been referred to the undersigned for review, report, and recommendation
in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

[2] It is unclear whether Plaintiff's filing is an amended complaint or a motion for
preliminary injunction.

Plaintiff filed a second Amended Complaint on September 5, 2018, expounding on his original claim.  [doc. # 14].  He alleges that Defendants Geyse and Anderson served the pork sausage, along with red beans, rice, carrots, and cornbread.  *Id.* at 1.  Plaintiff explains that, according to the Islamic faith, Muslims cannot eat pork because it is unclean, "it makes their prayers invalid, and [it] . . . makes the body organs strain . . . ."  *Id.* at 1-2.  Plaintiff, nevertheless, consumed the pork sausage and then immediately complained to Defendant Geyse.  *Id.* at 2-3.

At Defendant Smith's request, Plaintiff identified, from a tray containing pork and non-pork sausage, the sausage that he received.  *Id.* at 3.  Defendant Smith apologized, stating that he did "not know how the two types of sausages got all mixed-up back in the kitchen pots before leaving the kitchen."  *Id.*

From what the undersigned can glean, Plaintiff also claims that he should not be served food from the same kitchen in which pork is prepared.  *Id.* at 5.

Plaintiff faults Defendant Brooks for failing to transfer him to a "pork-free institution," for failing to review his grievance, and for "subjecting" him to "food from [the] institution's contaminated kitchen."  *Id.* at 6.  Plaintiff faults Defendant Tyler for serving pork sausage in a facility in which Muslims are housed.  *Id.*  Plaintiff faults Defendant Stinson for failing to transfer him to another facility and for failing to prevent the kitchen staff from serving pork.

<u>**Law and Analysis**</u>

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis.  As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to

preliminary screening pursuant to 28 U.S.C. § 1915A.[3]  See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*).  Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Likewise, a complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint.  Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a

---

[3]  Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662; *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

## 2. Transfer

In his first Amended Complaint, Plaintiff raises new, conclusory retaliation claims. [doc. # 13]. He writes, "[D]ue to filed lawsuit, prisoner is being retaliated against." *Id.* He then lists the following acts of retaliation: (1) religious discrimination; (2) deprivation of adequate medical attention; and (3) sexual harassment. *Id.* For relief, Plaintiff seeks only a transfer to a "Louisiana Department of Public Safety [and] Corrections penitentiary . . . ." *Id.*

The Court lacks authority to transfer Plaintiff. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("DOC"). Under Louisiana law, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. The secretary of the department may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training, and security needs established by the

4

department."  LA. REV. STAT. §15:824(A); see also *Clark v. Foti*, 50 F.3d 1032 (5th Cir. 1995) (observing that an inmate generally "has no constitutional right to be imprisoned in a particular institution, even if life in the one institution is significantly less desirable than in another[,]" and that the plaintiff did "not have a liberty interest in being confined in a state-run institution.").

Here, Plaintiff's placement lies solely in the purview of the DOC.  Accordingly, his request for a transfer, along with the retaliation claims for which he seeks a transfer, should be dismissed.

**3. Compensatory Damages**

Plaintiff seeks $250,000.00 in compensatory damages.  Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ."  "[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury."  *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005).

Here, Plaintiff does not allege that he suffered any physical injury as a result of the claimed First Amendment and Religious Land Use and Institutionalized Persons Act ("RLUIPA") violations.  He may not, therefore, recover compensatory damages for any mental or emotional injuries stemming from the alleged violations.[4]

_____

[4] See RLUIPA, 42 U.S.C. § 2000cc-2(e) ("Nothing in this chapter shall be construed to amend or repeal the Prison Litigation Reform Act of 1995 (including provisions of law amended by that Act)."); see also *Woods v. Chapman*, 239 F. App'x 35, 38 (5th Cir. 2007) (holding that an inmate could "not recover for his alleged emotional injuries" on a First Amendment claim because "he has not alleged any physical harm."); *Mayfield v. Texas Dep't of Criminal Justice*,

**4. Punitive Damages**

Plaintiff also requests $114,000.00 in punitive damages.  "[P]unitive damages may be awarded only when the defendant's conduct is motivated by evil intent or demonstrates reckless or callous indifference to a person's constitutional rights.  The latter standard requires recklessness in its subjective form, i.e. a subjective consciousness of a risk of injury or illegality and a criminal indifference to civil obligations."  *Williams v. Kaufman Cty.*, 352 F.3d 994, 1015 (5th Cir. 2003) (internal quotation marks and quoted sources omitted).

Here, it appears that Defendants acted, at worst, negligently: Plaintiff alleges that, after he complained of receiving pork sausage, Defendant Smith apologized, stating that he did "not know how the two types of sausages got all mixed-up back in the kitchen pots before leaving the kitchen."  [doc. # 14, p. 3].  Even construing Plaintiff's allegations liberally and in his favor, Plaintiff does not allege any facts indicating that any Defendant possessed either an evil intent or demonstrated a reckless or callous indifference to his right to practice his religion.[5]  Accordingly,

---

529 F.3d 599, 605-06 (5th Cir. 2008) (prisoner's claims for compensatory damages against prison officials in their official capacity on claims alleging First Amendment and RLUIPA violations were barred by the PLRA provision prohibiting actions for mental or emotional injury suffered while in custody without a prior showing of physical injury); *Jones v. Valdez*, 2016 WL 11431910, at *5 (N.D. Tex. Apr. 14, 2016), report and recommendation adopted, 2016 WL 2763883 (N.D. Tex. May 13, 2016).

[5] The undersigned observes, parenthetically, that the Fifth Circuit has affirmed the dismissal of a Muslim inmate's claim that he was "fed a meat product that purported to be beef but which actually contained pork[,]" on grounds that the claim, at best, was one of negligence. *McDowell v. Seachrist*, 275 F.3d 1080 (5th Cir. 2001); see *Eason v. Thaler*, 73 F.3d 1322, 1328 n.2 (5th Cir. 1996) (reasoning that a mistake in providing a meal with pork to a Muslim inmate would amount to mere negligence and would not, therefore, amount to a constitutional violation).

Plaintiff's request for punitive damages should be denied.[6]

## 5. Injunctive Relief

Plaintiff does not explicitly seek to enjoin Defendants from any prospective acts. As noted, he did seek an injunction in relation to his retaliation claims, but it appears that the only equitable relief he sought was a transfer. As discussed, this is a form of relief that the Court is unable to grant. That said, and construing Plaintiff's allegations liberally, he arguably seeks to enjoin Defendants from the following retaliatory actions: (1) religious discrimination; (2) deprivation of medical care; and (3) sexual harassment. *Id.*

 A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

---

[6] Plaintiff, moreover, may not recover punitive damages against Defendants in their individual capacities under the RLUIPA because the "RLUIPA does not create a cause of action against defendants in their individual capacities." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 331 (5th Cir. 2009); see *Fluker v. King*, 679 F. App'x 325, 328 (5th Cir. 2017); *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017) (citing *Sossamon* for the proposition that "RLUIPA does not authorize a private cause of action for *compensatory or punitive damages* against appellees in their individual or official capacities.") (emphasis supplied).

Insofar as Plaintiff seeks punitive damages from Defendants in their official capacities, and even assuming the RLUIPA authorizes an action for official-capacity damages, Plaintiff is not entitled to relief because "punitive damages . . . are [] barred by a state's sovereign immunity . . . ." *Id.* The Eleventh Amendment bars recovering money damages from state officials in their official capacity. *Oliver v. Scott*, 276 F.3d 736, (5th Cir. 2002).

A suit against a state official is "no different from a suit against the State itself." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). In that respect, the Eleventh Amendment bars suits in federal court for money damages filed by citizens of a state against their own state or state agency. *Darlak v. Bobear*, 814 F.2d 1055, 1059 (5th Cir. 1987). "Claims under federal statutes do not override the Eleventh Amendment bar unless there is a clear showing of congressional intent to abrogate the bar." *Id.* "States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA because no statute expressly and unequivocally includes such a waiver." *Sossamon v. Texas*, 563 U.S. 277, 293 (2011).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662.

Here, Plaintiff's retaliation claims are entirely conclusory; accordingly, his request for injunctive relief relative to these claims should be denied.

Plaintiff does not seek injunctive relief on any other claims. Even assuming he did, he is not entitled to such relief. For instance, Plaintiff claims that certain defendants served him pork sausage on one occasion. A request for injunctive relief relative to this claim does not present a "case or controversy" under Article III of the United States Constitution because Plaintiff does not allege that any defendant continues to serve him pork or that there is a real and immediate threat that a defendant will serve him pork.[7] "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief [] if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974); see *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (denying an injunction because defendants withheld the plaintiff's magazines on a single occasion, which did "nothing to establish a real and immediate threat that defendants would violate his First Amendment rights in the future.").[8]

---

[7] Plaintiff does allege that he is being subjected to "religious discrimination." However, he does not elaborate, and this claim differs from his claim that he was once served pork because, before, he did not allege any form of discrimination or unequal treatment.

[8] See also *Johnson v. Johnson*, 244 F.3d 135 (5th Cir. 2000) (affirming denial of a preliminary injunction where the plaintiff alleged "that he was denied one meal during his religious observation of Ramadan" because the plaintiff did not show that "his rights to religious observation in the future [were] sufficiently threatened . . . ."); *Jones v. Shabazz*, 2007 WL 2873042, at *14 (S.D. Tex. Sept. 28, 2007), aff'd, 352 F. App'x 910 (5th Cir. 2009) (holding that a single incident, where the plaintiff, a member of the Nation of Islam, was served rice with pork drippings was "insufficient to warrant equitable relief.").

Simply put, there is no conduct to enjoin.[9]

Plaintiff also claims that Defendants are serving meals from a kitchen in which pork is cooked.[10]  [doc. # 14, p. 5].  He alleges that the "kitchen utensils have been contaminated . . . ." *Id.*  Plaintiff does not, however, provide enough facts to state a plausible claim.  For example, he does not explain whether he means that the same cookware used to cook non-pork items is used to cook pork, whether the cookware used to cook non-pork items is not washed before cooking pork, whether pork is stored with non-pork items, or whether pork is simply cooked in the facility.[11]  This claim, like the three retaliation claims discussed above, is entirely conclusory and does not entitle Plaintiff to injunctive relief.[12]

_____

[9] See *Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308 (5th Cir. 1997) (plaintiff lacked standing to seek injunctive relief because there was no threat of present or future harm); *Society of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir. 1992) (denying injunctive relief when plaintiff could not show that she suffered any continuing harm or that there was a real or immediate threat of recurring harm); *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) (speculative future injury alone is not enough to warrant injunctive relief).

[10] To reiterate, Plaintiff does not explicitly seek to enjoin these alleged actions.

[11] See *Jones*, 2007 WL at *14 ("Plaintiff's unsupported, speculative allegation that his hands may become contaminated with pork grease from other inmates' hands is too attenuated to warrant equitable relief.").

[12] While not dispositive here, the Fifth Circuit has held that a prison was not required to respond to a Muslim inmate's request to be served only food that was not "cooked or served in or on utensils that [had] come into contact with pork or any pork by-product[,]" because the inmate did not complain of being deprived of free exercise rights in any other fashion, fulfilling the request would require special food and individualized processing to completely avoid pork contamination, and the prison provided a protein substitute when pork was served).  *Kahey v. Jones*, 836 F.2d 948, 949 (5th Cir. 1988); see also *Chisolm v. Sumlin*, 2006 WL 2077979, at *3 (W.D. La. May 31, 2006) ("For many of the same reasons cited in *Kahey*, the undersigned finds that [plaintiff] has failed to state a claim upon which relief can be granted. [Plaintiff's] requested diet is nearly identical to that which the prisoner in *Kahey* requested: an exclusively non-pork diet that does not include any food cooked or served on utensils that have come into contact with

**6. Responding to Grievances**

Plaintiff claims that Defendant Brooks either ignores or fails to review his administrative grievances.  Prisoners, however, do not have a constitutionally protected right to a grievance procedure.  *Chambers v. Roy*, 2010 WL 5621283, at *2 (E.D. Tex. Nov. 10, 2010).  In *Sandin v. Conner*, 515 U.S. 472, 474 (1995), the Supreme Court left prisoners without a federally-protected right to have grievances investigated and resolved.  See also *Taylor v. Cockrell*, 92 Fed. App'x. 77, 78 (5th Cir. 2004) (holding that "claims that the defendants violated his constitutional rights by failing to investigate his grievances fall short of establishing a federal constitutional claim."); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) ("[The plaintiff] does not have a federally protected liberty interest in having . . .  grievances resolved to his satisfaction. . . . [A]ny alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.").  Here, accordingly, Plaintiff's claim should be dismissed.

**7. Entity Not Amenable to Suit**

Plaintiff names "Kitchen Security" as a Defendant.  Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ."  Under Louisiana law, an entity must qualify as a "juridical person," which is an "entity to which the law attributes personality, such as a corporation or a partnership."  LA. CIV. CODE art. 24.

Here, "Kitchen Security" does not qualify as a juridical person.  Accordingly, Plaintiff's claims against this Defendant should be dismissed.

---

pork.").

10

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Sterling J. Blade's claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief can be granted.

**IT IS FURTHER RECOMMENDED** that, to the extent Plaintiff moves for a preliminary injunction, [doc. # 13], the motion should be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 18th day of September, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE